STATE OF RHODE ISLAND *vs*. ROBERT McDONALD.

JULY 9, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. This is an indictment under Section 45 of Chapter 397, General Laws, 1923, charging the defendant with wilfully and unlawfully taking, driving, operating and using a certain motor vehicle, the property of one Amedo Danesi, upon certain public roads and highways in the city of Providence, in the absence of the owner of said motor vehicle and without his consent.

The case was tried in the Superior Court before a justice thereof sitting with a jury and the defendant was found guilty, with a special finding.

The case is now before us upon the exceptions of the defendant. The brief and argument presented to this court deals exclusively with the first exception and we must therefore deem the other exceptions to be waived.

The first exception is that the justice presiding at the trial of said case erred in requesting the jury to return a special finding.

At the trial in the Superior Court it appeared that the automobile in question had been left by the owner at the Dutee W. Flint Company, for the purpose of having it "tuned up", and that one Fred J. Lamson, an employee of said company, was given the custody of the car for that purpose. The defendant maintained that Mr. Lamson, whom he claimed to have personally known, gave him the necessary authority and permission to take and drive off the said automobile for the purpose of "testing" it. Mr. Lamson, when called as a witness in behalf of the State, denied any previous acquaintance with the defendant, and testified that he allowed the defendant to take and drive off the automobile upon being informed by him that he was the real owner thereof.

The trial justice in his charge to the jury said, "Now I have myself, for my own guidance in this case,—and have called the attention of counsel to the fact that I was going to ask it—I want from you a special finding. Your verdict in this case must be "guilty" or "not guilty". The special finding is this, and I want you to answer this question yes

or no, "Did Lamson authorize the defendant to take the automobile in question for the purpose of testing the same?" "Now if your answer to that is 'no', then there is not any necessity of you gentlemen going into that other question of whether this testing, which he says that he did, was reasonable or not. You can readily see that, because if you don't believe that it was given to him for the purpose of testing it, that would mean that you believe Lamson's statement and not his, in regard to his stating that he was the owner. And I want this finding because I want it to guide me, if it is necessary that I should have guidance in the future, in regard to this case."

"If your answer to this question is no, you would not have to go beyond and find out whether the decision is proper or not: if your answer is yes, then you would go on and see whether the test is a fair one or not under all the instructions I have given you. If it was fair, you would have to find the man not guilty;—if you find he went beyond what was reasonable, bearing in mind what I have said, then your verdict would be guilty."

Having been thus instructed the jury, in addition to its general verdict, answered the special question submitted to it by the court in the negative. That is, that Lamson did not authorize the defendant to take the automobile for the purpose of testing it.

The State contends (1) That the requirement for such special finding was in the sound discretion of the trial court, and did not constitute error and (2) That if such requirement to return a special finding was erroneous, it was not only harmless error, but such error as was helpful and favorable to the defendant and not prejudicial.

The State argues that authority for the submission of the special finding is to be found in Section 6, Chapter 341, General Laws 1923. The portion of that statute pertinent to the special enquiry is in these words. "In any case the court may and upon request of either party shall, direct the jury to return a special verdict upon any issue submitted

to the jury. Such issues shall be settled by the justice presiding at the trial, and either party may except to his rulings thereon. In addition to such special findings on the issues submitted, the jury shall in each case return a general verdict, and shall assess such damages if any therein as they may deem just." We think that there is language in this section indicating that it was intended to apply to civil cases only, the provisions allowing either party the right to except to the rulings of the justice in settling the issues presented by the special findings and the requirement that a general verdict shall be returned in addition to the special finding upon which damages shall be assessed if any, being particularly noticeable.

The first part of Section 6, "In any case the court may and upon request of either party shall, direct the jury to return a special verdict upon any issue submitted to the jury" was included in the Public Statutes of 1882, Chapter 204, Section 34. Some two years later in *State* v. *Nagle*, 14 R. I. 331, where the defendant was charged with illegally keeping for sale intoxicating liquors, and asked the court to direct the jury to render a special verdict stating the day in which they might find the defendant guilty of the offence charged, this court said, "It was perhaps within the discretion of the court to have granted this request, but we know of no law by which it was required. Public Statutes, R. I. Chap. 204, Sec. 34, does not extend to criminal complaints."

We see no necessity for, nor propriety in, extending to defendants, in criminal cases, the privilege of special findings which could be made available to confuse the jury and cloud the legitimate issues involved. The complaint, or indictment, is presumed to set forth with accuracy the offense with which the defendant is charged and the State is not restricted as to the number of the counts which it may employ in so doing, the court having the power to confine the consideration of the jury to such of the counts as it may deem to be supported by evidence.

We think it was error on the part of the Superior Court to submit to the jury the special question, which it did, but we also think that, in this case, the error was harmless and could not have been prejudicial to the defendant. There was ample evidence upon which the jury might find a verdict of guilty. It was competent for the court to point out in its charge to the jury that two questions were presented for their consideration: (1) Did the defendant take the car unlawfully and (2) If he took the car lawfully did he retain it beyond a reasonable time for the purpose of testing it. The court could also properly instruct the jury that if they found that the defendant acted unlawfully in taking the car it would be unnecessary for them to proceed to the consideration of the question regarding the length of time the defendant retained it. Having the right to instruct the jury in matters forming the gist of the special finding we cannot see how the defendant could have been prejudiced, and he does not point out or suggest any way in which he might have been.

The exceptions of the defendant are all overruled and the case is remitted to the Superior Court for sentence.

*John H. Nolan, Asst. Atty. Gen.*, for State.
*George Helford*, for defendant.